UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

<u>CASE NO.:  13-80929-CIV-RYSKAMP</u>

RICHARD and BETHANY COTROMANO,
as parents and natural guardians of
ELIZABETH GRACE COTROMANO,

      Plaintiffs,

vs.

UNITED TECHNOLOGIES CORPORATION,
Pratt & Whitney Group, a Connecticut corporation,
and PALM BEACH AGGREGATES, LLC,
a Florida corporation,

      Defendants.
_____/

<u>MOTION TO CONSOLIDATE AND TO SET FORTH A PRICE-ANDERSON
CASE MANAGEMENT ORDER PURSUANT TO 42 USC 2210()(3)</u>

Pursuant to Local Rule 7.1 and 42 U.S.C. 2210(n)(3) the Plaintiffs respectfully request the Court consolidate the related cases alleging a nuclear incident and enter a Case Management Order allowing for discovery into the alleged nuclear incident, the contamination at issue, and the alleged injuries of the claimants as set forth below.

1. Upon denial of the Motion for Remand, this Court agreed with the Defendant's summation that this is a Price-Anderson case—governed by Price-Anderson and interpretive case law such as *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 486, (1999):

    Section 2210(n)(3)(A) empowers the chief judge of a district court to appoint a special caseload management panel to oversee cases arising from a nuclear incident. The functions of such panels include case consolidation, § 2210(n)(3)(C)(i); setting of priorities, § 2210(n)(3)(C)(ii); "promulgat[ion] [of] special rules of court ... to expedite cases or allow more equitable consideration of claims," § 2210(n)(3)(C)(v); and implementation of such measures "as will encourage the equitable, prompt, and efficient resolution of cases arising out of the nuclear incident," § 2210(n)(3)(C)(vi).

**Cotromano, Elizabeth (a minor) vs. UTC Pratt & Whitney, et al.**
**Case No.: 13-80929-CIV-RYSKAMP**

2. Such discovery includes not only the discovery of the Plaintiffs' counsel's testing to date, but the disclosure of the Defendants' testing to date, including any testing done in the Acreage and any testing done at the Defendants' own facilities.

3. It includes discovery into all uses and disposal of radioactive materials, both licensed and non-licensed.

4. Plaintiffs allege that one or more nuclear incidents have occurred. To ascertain whether this is indeed the cause of the damages alleged in these individual cancers (which will require the construction of either a dose calculation or the presence of Pratt Whitney material in tumor pathology), discovery into the incidents themselves is required.

5. The Defendant Pratt Whitney, the subject of the Price-Anderson claim, is aware of evidence supporting the following allegations of a nuclear incident. Although it may dispute the weight of that evidence, it cannot deny existence of evidence indicating the following:

    a. The Acreage is a community where a pediatric brain tumor cluster was declared in a report noting that the primary environmental contaminant associated with brain tumors is ionizing radiation.

    b. Non-naturally occurring radioisotopes have been detected in the Acreage aquifer and at case homes.

    c. These non-naturally occurring radioisotopes include iridium-192 and cadmium-109, which the Defendant is licensed to use.

2

**Cotromano, Elizabeth (a minor) vs. UTC Pratt & Whitney, et al.**
**Case No.: 13-80929-CIV-RYSKAMP**

  d. The isotopes which could be considered natural are not present in any sort of background fashion.

  e. The Defendant and the Acreage share an aquifer and both the Defendant and Palm Beach County have deliberately avoided using that aquifer due to the Defendant's contamination of it.

  f. The Defendant Pratt Whitney cleaned-up a site that included buried thorium in a scrapyard.

  g. The clean-up of that site witnessed the contamination's direct contact with the water table.

  h. A significant number of the engineers who worked with the thorium that was illegally buried in that scrap metal yard have died of brain tumors.

  i. Individuals working with Defendant's West Palm Beach maintenance staff, who have been called out in the middle of night to sop up materials, have died of brain tumors, one as recently as 2009.

  j. The Defendant Pratt Whitney's own thoriated waste manifests indicate that the materials included in its waste emit dose emissions significantly higher than would be attributed to the use of thorium-inclusive nickel, the only thorium it is licensed to have used.

  k. The Defendant's Connecticut operations, like its West Palm Beach operations, have repeatedly had to clean-up thorium from scrap metal yards despite the fact that Pratt Whitney's own internal memoranda state such waste is to be disposed of by a licensed facility only.

3

**Cotromano, Elizabeth (a minor) vs. UTC Pratt & Whitney, et al.**
**Case No.: 13-80929-CIV-RYSKAMP**

    l. The Defendant's Connecticut operations have admitted to disposing of cadmium-109 as scrap in the past.

6. Attached for the Court's review is the Proposed Case Management Order that was proposed in the stayed state court action, *Featherston v. United Technologies*, 2011CA13759XXXXMB(AJ).

7. In addition, the form interrogatories published by James Gooden, <u>Radiation Injuries—Ionizing Radiation</u>, 14 Am. Jur. Proof of Facts 3d 85 (Originally published in 1991), section Five, are attached for the Court's review.

8. Because Local Rule 7.1 does not permit proposed orders on motions except for those specifically enumerated, the Plaintiff will await an invitation from the Court to submit a proposed order.

9. Plaintiff may change the proposed language below dependent upon comment from the Defendant in opposition.

10. Plaintiff proposes that the Court enter a Case Management Order as follows:

    a. Consolidating all present and to be filed cases alleging a nuclear incident for discovery into the incident, for the production of medical records, briefing general causation and standard of care issues;

    b. Scheduling Discovery as follows:

        i. allowing the parties thirty days to exchange all laboratory reports relating to any testing conducted within the Acreage, the Aggregates property, the Corbett Wildlife Management Area or at the Pratt Whitney property since 2003;

4

**Cotromano, Elizabeth (a minor) vs. UTC Pratt & Whitney, et al.**
**Case No.: 13-80929-CIV-RYSKAMP**

    ii. allowing the Plaintiffs fifteen days to produce medical records currently in its possession, a list of doctors related to treating the alleged injury, and an authorization for the Defendants to obtain additional records;

    iii. allowing the parties fifteen days to submit interrogatories selected from the form interrogatories regarding Price-Anderson incidents and forty-five days to respond to the interrogatories;

    iv. allowing the parties sixty days to serve suggested schedules and protocols for testing at the Defendants' parcels and the case homes and aquifer structures. Such protocols shall list the sampling and testing by EPA methods and locations by longitude and latitude. Such testing shall occur at various times through the following nine months.

c. Scheduling a Case Management Conference ninety days from the date of the order including the following briefing schedule:

    i. No less than fifteen days prior to the Case Management Conference, the parties shall serve and file any Motions to Compel related to answers to interrogatories and/or requests for production, which pursuant to the schedule set forth above shall be served no later than thirty days prior to the Case Management Conference, absent good-faith objections.

5

**Cotromano, Elizabeth (a minor) vs. UTC Pratt & Whitney, et al.**
**Case No.: 13-80929-CIV-RYSKAMP**

    ii. No less than thirty days prior to the Case Management Conference, the parties shall exchange suggested management orders for scheduling of briefing on the requisite standard of care.

    iii. No less than ten days prior to the case management conference, the Plaintiffs will serve a list regarding the priority for setting individual pending cases for trial.

Dated this 22nd day of September, 2014.    Respectfully submitted,

    /s/ MARA R.P. HATFIELD
    Mara Ritchie Poncy Hatfield

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

    /s/ Mara R. P. Hatfield
    Mara Ritchie Poncy Hatfield
    Florida Bar No. 37053
    Searcy Denney Scarola Barnhart & Shipley, P.A.
    2139 Palm Beach Lakes Boulevard
    West Palm Beach, FL 33409
    Phone: (561)686-6300
    Fax: (561) 383-9451
    Email: eserve@searcylaw.com;
    hatfieldteam@searcylaw.com
    Attorneys for Plaintiffs

**Cotromano, Elizabeth (a minor) vs. UTC Pratt & Whitney, et al.**
**Case No.: 13-80929-CIV-RYSKAMP**

## COUNSEL LIST

Gunster Yoakley & Stewart, P.A.
777 S Flagler Drive, Suite 500 E
West Palm Beach, FL  33401
Phone: (561) 655-1980
Fax: (561) 655-5677
Attorneys for United Technologies Corporation Pratt & Whitney Group, a Connecticut Corporation
eservice@gunster.com;

INCLUDING
Gerard Joseph Curley, Jr
jcurley@gunster.com; sgrayson@gunster.com;
Gregor J. Schwinghammer, Jr.
gschwinghammer@gunster.com;
jhoppel@gunster.com
Fabienne E. Fahnestock
ffahnestock@gunster.com


Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, Suite 2400
Atlanta, GA  30326
Phone: (404) 876-2700
Fax: (404) 875-9433
Attorneys for Palm Beach Aggregates

INCLUDING
Stephen James Rapp, Esquire
srapp@wwhgd.com