UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80929-CIV-RYSKAMP/HOPKINS

RICHARD and BETHANY
COTROMANO, as The Parents and
Natural Guardians of ELIZABETH
GRACE COTROMANO, a minor,

     Plaintiffs,

v.

UNITED TECHNOLOGIES
CORPORATION, Pratt & Whitney Group,
a Connecticut Corporation, and PALM
BEACH AGGREGATES, LLC, a Florida
Corporation,

     Defendants.
_____/

## ORDER DENYING MOTIONS TO DISMISS, DENYING MOTION FOR *LONE PINE* SCHEDULING ORDER AND DENYING MOTION TO CONSOLIDATE AND TO ENTER *PRICE-ANDERSON* ORDER

     THIS CAUSE comes before the Court pursuant to Defendants' motions to dismiss, dated June 16 and 19, 2014 **[DE 81, 82]**, respectively. This cause is also before the Court pursuant to Defendants' motions for a *Lone Pine* scheduling order, dated August 11, 2014 and October 6, 2014 **[DE 90, 95]**, respectively. This cause is also before the Court pursuant to Plaintiff's motion for entry of a *Price-Anderson* order and to consolidate certain cases relating to the alleged

Acreage cancer cluster pending before the undersigned, filed September 22, 2014 **[DE 94]**.

The Eleventh Circuit Court of Appeals October 6, 2014 opinion reversed this Court's Rule 12(b)(6) dismissal of the second amended complaints in the related actions *Joseph Adinolfe, et al. v. United Tech. Corp.*, Case No. 10-80840 and *Magaly Pinares, et al. v. United Tech. Corp.*, Case No. 10-80883. Therein the Eleventh Circuit explained that a *Lone Pine* scheduling order should not be implemented prior to the assessment of the sufficiency of the complaint and that such orders should not become de facto summary judgment motions where the parties have not engaged in "reciprocal discovery." (Opinion, p. 12.) Currently pending are Defendants' motions to dismiss the amended complaint on Rule 12(b)(6) grounds, as well as Defendants' motions for entry of a *Lone Pine* order. The motions to dismiss raise several of the same arguments the Eleventh Circuit rejected in its October 6 decision. The Court denies the motions to dismiss and the motions for entry of a *Lone Pine* order in light of the Eleventh Circuit's October 6 decision.

The Court also denies the motion to consolidate and to enter a *Price-Anderson* order.[1] The Price Anderson Act ("Act"), 42 U.S.C. § 2011, *et seq.* provides a means of administering a large influx of cases following a nuclear incident if (1) court determines "that the aggregate amount of public liability is likely to exceed the amount of primary financial protection . . ." or

---

[1] Plaintiff desires to consolidate the following cases: *Cotromano v. United Tech. Corp., et al.*, Case No. 13-80929; *DeCarlo v. United Tech. Corp., et al.*, Case No. 13-80930; *Lozada v. United Tech. Corp., et al.*, Case No. 13-81136; *Gayahpersad v. United Tech. Corp., et al.*,Case No. 13-81018; *Florez v. United Tech. Corp., et al.*, Case No. 13-81179; *Thibodeau v. United Tech. Corp., et al.*, Case No. 13-81019; *Cifrodella v. United Tech. Corp., et al.*, Case No. 13-81044; *Newfield v. United Tech. Corp., et al.*, Case No.13-80931; *Guarin v. United Tech. Corp., et al.*, Case No. 13-81045; *Peart v. United Tech. Corp., et al.*, Case No. 13-81180; *Craig v. United Tech. Corp., et al.*, Case No. 13-81258; *Stoica v. United Tech. Corp., et al.*, Case No. 13-81313; and *Wise v. United Tech. Corp., et al.*, Case No. 14-80655. The case styled *Cotromano, et al. v. United Tech. Corp., et al.*, Case No. 13-80928 is not subject to the consolidation motion, as the alleged damages in that matter stem from alleged real estate devaluation, whereas the damages in the remaining cases stem from alleged personal injuries.

(2) the chief judge of the district court determines that the cases will have an unusual impact on the work of the court. 42 U.S.C. § 2210(n)(3)(A). If the court makes such a determination, the chief judge of the district court can establish a "special caseload management panel" comprised of other district (or circuit) judges to coordinate and assign cases arising out of the nuclear incident. *Id.* This provision was added to the Act after the 1979 accident at the Three Mile Island nuclear power plant, which spawned numerous lawsuits in both state and federal court. *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 477 (1999). Plaintiffs do not argue that "the aggregate amount of public liability is likely to exceed the amount of primary financial protection," or that the cases will have an unusual impact on the work of the Court. The Court's research did not yield any reported cases in which such a panel was established.

In any event, these cases are inappropriate for consolidation. Each Plaintiff's individual situation, such as where the Plaintiff lived, how long the Plaintiff lived there, where the Plaintiff worked or attended school, could impact causation. It is hereby

ORDERED AND ADJUDGED that the motions to dismiss, dated June 16 and 19, 2014 **[DE 81, 82]**, respectively, are DENIED. It is further

ORDERED AND ADJUDGED that the motions for a *Lone Pine* scheduling order, dated August 11, 2014 and October 6, 2014 **[DE 90, 95]**, respectively, are DENIED. It is further

ORDERED AND ADJUDGED that the motion for entry of a *Price-Anderson* order and to consolidate certain cases relating to the alleged Acreage cancer cluster pending before the undersigned, filed September 22, 2014 **[DE 94]**, is DENIED. The parties are directed to submit within seven days of the date of this order a joint proposed scheduling report and proposed scheduling order that conform with the requirements set forth in the Court's order of pretrial

procedures.

       DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 5th day of November, 2014.

                                                  S/Kenneth L. Ryskamp  
                                                  KENNETH L. RYSKAMP  
                                                  UNITED STATES DISTRICT JUDGE

4